UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P158-S

ALBERTO J. SANTIAGO, SR.                                                          PLAINTIFF

v.

COOKIE CREWS *et al.*                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff commenced this action by filing a handwritten document styled "cause for injunction." It appears that Plaintiff is attempting to commence a conditions-of-confinement case based on what he perceives to be violations of his constitutional rights. He lists over forty defendants in the caption of his action. The Court has a pre-approved form for use by prisoners seeking to bring actions for constitutional violations under 42 U.S.C. § 1983. Use of the form aids the Court's review of the action and clarifies the issues in dispute. Pursuant to Local Rule 5.1 the Court can require *pro se* litigants to use its forms. Local Rule 5.1 provides:

> *Pro Se* **Actions**
> (a) **Generally.** The following papers should be written on court-supplied forms, signed and verified:
> (1) *Pro se* writ of habeas corpus filed under 28 U.S.C. § 2254; and
> (2) *Pro se* motions attacking a conviction or sentence filed under 28 U.S.C. § 2255.
> (3) *Pro se* civil rights complaints filed under 42 U.S.C. § 1983; and
> (4) *Pro se* civil rights complaints filed under the authority of *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
>
> (b) **Papers Not on Court-Supplied Forms.** If a *pro se* litigant submits a paper identified in (a) above that is not on a court-supplied form, the Clerk will accept the paper for filing and forward it to an appropriate judicial officer for review. If directed by the appropriate judicial officer, the Clerk shall provide sufficient copies of the prescribed form, and instructions for preparing the form, to the *pro se* litigant along with directions to file the petition on the appropriate court-supplied form within thirty (30) days thereafter. ***When required to do so, a pro se litigant's failure***

> *to file his or her petition on a court-supplied form within thirty (30) days may be grounds for dismissal.*

(emphasis added).

Although courts should construe the pleadings of a *pro se* litigant liberally, it is within a court's discretion to require *pro se* litigants to use its pre-approved forms. *See Daily v. Municipality of Adams County*, 117 F. App'x 669, 672 (10th Cir. 2004). Federal Rule of Civil Procedure 83 allows local rules imposing form requirements to be enforced unless the failure to comply is "nonwillful." Fed. R. Civ. P. 83(a)(2).

The Court has reviewed Plaintiff's complaint. After doing so, the Court concludes that this case is one that would benefit from use of the Court's form. Accordingly, the Clerk of Court is **DIRECTED** to write this case number on a 42 U.S.C. § 1983 form and mail it to Plaintiff. Within 30 days of the date of this Order, Plaintiff is **ORDERED** to restate his complaint using the Court-approved form and file it with the Court.

Additionally, Plaintiff did not pay the $350.00 filing fee at the time he filed his complaint or file a prisoner application to proceed without prepayment of fees. Within 30 days of the entry of this Order Plaintiff is **ORDERED** to either pay the filing fee in full or to file a completed prisoner application to proceed without prepayment of fees along with a certified copy of his prison trust account statement for the six months preceding the filing of the complaint.

Plaintiff is **WARNED** that failure to comply with this Order will result in the dismissal of this action.

Date:

cc:     Plaintiff, *pro se*

4411.008