UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-P158-S

**ALBERTO J. SANTIAGO, SR.**                                                                                                **PLAINTIFF**

v.

**COOKIE CREWS** *et al.*                                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff commenced this action by filing a handwritten "motion for writ of prohibition." At the time he did so, he neither paid the filing fee nor submitted an application to proceed without prepayment of the fee. Upon review, the Court determined that Plaintiff was attempting to commence a conditions-of-confinement case based on what he perceived to be violations of his constitutional rights by prison officials. By Memorandum Opinion and Order entered July 30, 2010, the Court ordered Plaintiff to restate his complaint using the Court-approved form and file it with the Court. The Court also ordered Plaintiff to either pay the $350.00 filing fee or file a prisoner application to proceed without prepayment of the fee. Plaintiff was given thirty days to comply with the Court's directives. He was warned that failure to respond would result in dismissal of this action. Over thirty days have passed and Plaintiff has neither complied with the Court's Order nor shown good cause for his failure to do so.

Although courts should construe the pleadings of a *pro se* litigant liberally, it is within a court's discretion to require *pro se* litigants to use its pre-approved forms. *See Daily v. Municipality of Adams County*, 117 F. App'x 669, 672 (10th Cir. 2004). Federal Rule of Civil Procedure 83 allows local rules imposing form requirements to be enforced unless the failure to comply is "nonwillful." Fed. R. Civ. P. 83(a)(2). Although federal courts afford *pro se* litigants

some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case that is willful. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*

4411.008